### 5345. WATKINS *v.* FONTAINE.

RUSSELL, C. J.  1. In the trial of an action for the recovery of money alleged to be due under a contract, it is not erroneous to admit in evidence a part of the defendant's answer in another case between the same parties, and as to the same matter, which contains an admission that the terms of the contract were as contended by the plaintiff. If any other portion of the answer explained or modified this admission, the defendant might have introduced it in evidence, but the omission to introduce it did not render inadmissible the paragraph introduced.

2. It was not prejudicial error to admit in evidence a statement of payments alleged to have been made by the defendant for material and labor under the building contract between the parties. The statement in the present instance was beneficial to the defendant, since it showed that if he was indebted at all, his indebtedness was in a much smaller sum than the jury found in the plaintiff's favor.

3. The evidence was conflicting on the main issue in the case, which was whether or not the defendant had deducted from the contract price due the plaintiff the value of the material which was not used in the building, but which the defendant sold, appropriating the proceeds to his own use. Under the plaintiff's contention he was to furnish the material and do the work. The defendant was to pay for the material and deduct the cost thereof from the contract price and then pay the plaintiff the difference. The evidence authorized the jury to find that the defendant had deducted the cost of the material not used in the building, and that for this reason he was liable to pay the plaintiff the value thereof. The charges complained of were adjusted to the issue as made by the evidence, and there was no abuse of discretion in overruling the motion for a new trial.  *Judgment affirmed.*

DECIDED JANUARY 27, 1914.

Complaint; from city court of Statesboro—Judge Strange. October 3, 1913.

*Fred T. Lanier,* for plaintiff in error.

*Brannen & Booth,* contra.